Gilmore, J.
Passing over, as immaterial, the points made-in argument as to the name by which-the defendant below was sued, and the absence of an averment in the petition that the defendant below had obtained a certificate of qualification from the board of examiners, we come at once to the controlling question raised by the demurrer to the petition, which is : Does the statute authorize actions to be brought against sub-districts or the local directors of such districts in their official character for. dismissing a sub-district teacher? If there is no such statute, then the judgments of the courts below must be reversed, for it is only by virtue of statutory authority that the action can be maintained, as will appear from what follows.
Neither the act of March 14,1853, which reorganized and. inaugurated the present common-school system of the state, by which local directors of sub-districts were first introduced, nor any of the subsequent acts upon the subject, declared such local directors to be a board or body corporate capable of suing and being sued. The local directors of the sub-districts in a township are subordinate to the “ township boai’d of education,” which is declared to be a body politic and corporate in law, capable of suing and being sued.
Having no independent corporate existence, neither the local directors, as such, nor the sub-district, can be held, liable for torts committed by such directors in the performance of their duties in the absence of express statutory provisions authorizing actions in such cases to be brought against them.
The legislation upon this particular subject has been such as to result in conflicting opinions as to the present, state of law in reference to it.
*423 The sixth section of the act of March 14, 1853 (S. & C. Stat. 1348), made it the duty of local directors “to dismiss any teacher, at any time, for such reasons as they may deem sufficient.”
In the performance of what is called their duty, this provision gave the local directors a discretionary power over the teacher, and the latter was without redress as. against the sub-district, or the local directors as such, for being improperly dismissed; the statute, as at first passed, making no provision for his protection in this respect.
So the law stood until the supplementary act of April 17, 1857 (S. & C. Stat. 1367), was passed, which provides: “ Section 11. If the directors of any sub-district dismiss any teacher for any frivolous or insufficient reason, the teacher may bring suit against such sub-district, and if, on the trial of the cause, a judgment be obtained against the sub-district, the directors thereof shall certify to the clei’k of the board the sum so found due, and he shall issue an order to the person entitled thereto, upon the township treasurer, to pay the same out of any money in his hands belonging to said sub-district, and applicable to the payment of teachers. In such suits, process may be served on the clerk of the sub-district, and service upon him shall be sufficient.”
This section remained in force for sixteen years. It authorized teachers to bring suits, directed how process should be served, and provided the mode of paying any judgment in cases of this kind against the sub-district. "While it remained in force, its sufficiency or validity for the purposes intended were not questioned. The case of Sub-district No. 2, Oxford Township, v. Dilman, 22 Ohio St. 194, upon which counsel for defendant rely as being directly in their favor, was a case under this section.
The question before us arises under the act “ for the reorganization and maintenance of common schools,” passed May 1, 1873 (70 Ohio L. 195), by which the act-of March 14, 1853, and the supplementary act of April 17, 1857, above mentioned, were both repealed; and the only pro *424 vision in reference to the dismissal of teachers is contained in the fifty-third section of the repealing act, and is as follows : “ Provided further, that in each township district the local directors shall employ or dismiss for sufficient cause the teacher or teachers of the school or schools in the sub-district in which they reside,” etc. But the act makes no express provisions by which a teacher, who may be dismissed for an insufficient cause, can obtain redress by an action against the local directors or the sub-district; and there is nothing contained in the act from which, by any recognized rules of construction, the right to such redress can be implied. On the other hand, the repeal of the supplementary act of 1857, which gave teachers who are wrongfully dismissed from service a remedy for the injury they thereby sustained, without providing a similar or kindred remedy in the new or repealing act, must be taken as evidence that the legislature intended to cut off the right and the remedy that had previously existed in such cases.
We are therefore of opinion that the petition does not state facts sufficient to constitute a cause of action against the defendant, and that the Court of Common Pleas erred in overruling the demurrer, and entering judgment thereon ; and that the District Court erred in affirming the judgment of the Court of Common Pleas; for which errors the judgments of those courts must be reversed.
Motion granted, judgment reversed, and petition dismissed.
Welch, 0. J., White, Rex, and McIlvaine, JJ., concurred.